IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WARREN KENNETH PAXTON JR., in his official capacity as Attorney General of the State of Texas,<br><br>Defendant. | CIV. NO. 23-3363<br><br>**(EXPEDITED HEARING REQUESTED)** |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs Media Matters for America ("Media Matters") and Eric Hananoki respectfully move pursuant to Fed. R. Civ. P. 65 and Local Rule 105 for a temporary restraining order enjoining Defendant Warren Kenneth Paxton, Jr., in his official capacity as Attorney General of the State of Texas, or his officers, agents, servants, and employees, from seeking to further enforce a civil investigative demand served on Plaintiffs on December 1, 2023, which was issued to retaliate against Plaintiffs for engaging in core protected First Amendment conduct—specifically, media reporting about the social media platform X Corp. (formerly known as Twitter) and its owner Elon Musk, notwithstanding the fact that the articles at issue lack any connection whatsoever to the state of Texas. Plaintiffs further request that the Court grant a preliminary injunction enjoining Defendant from engaging in similar retaliatory conduct related to Plaintiffs' reporting pending full resolution of Plaintiffs' claims. This Motion is based upon the Complaint in this action, as well as the Memorandum in Support of Motion for Temporary Restraining Order and supporting Declarations of Cynthia Padera, Eric Hananoki, and Ben Dimiero filed herewith.

Media Matters is a non-profit media watchdog organization and Mr. Hananoki is a Senior Investigative Reporter at Media Matters. Plaintiffs investigate, research, and report on political extremism in the United States, including on social media platforms like X. On November 20, 2023, in response to media coverage of X and its owner—Elon Musk—that he did not like, Attorney General Paxton announced that he was investigating Media Matters for an unspecified violation of Texas's deceptive trade practices law. Defendant Paxton formally served a civil investigative demand ("Demand") on Media Matters on December 1, commanding it to "produce [] documentary material and permit inspection and copying," and seeking a broad array of materials from Media Matters and Mr. Hananoki, including documents and communications about their research and reporting, communications with possible sources at X and its advertisers, as well as sensitive materials related to Media Matters's funding, expenditures, and employees The Demand cites Texas's deceptive trade practices law (Tex. Bus. & Com. Code Ann. § 17.61(a)) as its authority but Plaintiffs had no reason to ever foresee being investigated by the Texas Attorney General under that law—Plaintiffs do not live or work in Texas; do not "transact business" in Texas, *see* Texas. Tex. Bus. Org. Code § 9.0002(a); have no registered agent in Texas; do not engage in any "business practices" in Texas, Bus. & Com. § 17.44(a), or conduct "trade" or "commerce" in Texas, Bus. & Com. §§ 17.45(6), .46(a). Mr. Hananoki performs nearly all his work, including all work targeted by the Demand, in Maryland. By the Attorney General's own admissions, the Demand and investigation were both prompted by Plaintiffs' reporting on X activity that lacks any connection whatsoever to the state of Texas.

Mr. Paxton's investigation and his Demand are a flagrant attack on Plaintiffs' First Amendment rights, and for the reasons set forth in the accompanying brief in support of this motion, Plaintiffs readily meet the factors for a temporary restraining order and preliminary

2

injunction. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009). *First*, Plaintiffs are likely to succeed on the merits of their claims. Mr. Paxton's investigation and Demand are transparent efforts to retaliate against Plaintiffs for their constitutionally-protected speech and press activities. His retaliation has already chilled Plaintiffs from further engaging in these constitutionally-protected activities and will continue to do so absent immediate relief. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). The Demand further violates Plaintiffs' First and Fourth Amendment rights by unreasonably demanding that Plaintiffs turn over privileged materials, including Plaintiffs' documents and communications regarding their newsgathering and reporting, as well as sensitive organizational information about Media Matters and its donors. *See, e.g.*, *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2382 (2021); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 917 (9th Cir. 2012). Mr. Paxton's investigation also violates the Due Process Clause of the Fourteenth Amendment—Plaintiffs have no relevant contacts with Texas, and any imposition of legal process against them in that state is unconstitutional.

*Second*, Paxton's retaliatory investigation against Media Matters is causing Plaintiffs irreparable harm by chilling their constitutionally-protected speech and press activities. *See Newsom ex rel. Newsom v. Albemarle Cnty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see generally* Declaration of Eric Hananoki; Declaration of Ben Dimiero.

*Finally*, the balance of the equities and the public interesting weigh strongly in favor of enjoining Mr. Paxton's unlawful and retaliatory investigation and upholding Plaintiffs' constitutional rights. *See, e.g.*, *Legend Night Club v. Miller*, 637 F.3d 291, 303 (4th Cir. 2011). The public's interest in a free press weighs particularly strongly in favor of granting preliminary

relief here. *See, e.g.*, *Minneapolis Star and Tribune Co. v. Minnesota Comm'r of Revenue,* 460 U.S. 575, 585 (1983). In contrast, Defendant Paxton will suffer no harm in having his unlawful and retaliatory enjoined pending full adjudication of Plaintiffs' claims.

Dated: December 11, 2023

Respectfully submitted,
*/s/ Tina Meng Morrison*

**ELIAS LAW GROUP LLP**
Abha Khanna*
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177
akhanna@elias.law

Tina Meng Morrison (D. Md. Bar No. 21832)
Aria C. Branch*
Christopher D. Dodge*
Jacob D. Shelly**
Elena A. Rodriguez Armenta*
Daniela Lorenzo*
Omeed Alerasool*
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
tmengmorrison@elias.law
abranch@elias.law
cdodge@elias.law
jshelly@elias.law
erodriguezarmenta@elias.law
dlorenzo@elias.law
oalerasool@elias.law

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr.*
Jay P. Srinivasan*
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: jsrinivasan@gibsondunn.com

Amer S. Ahmed*
Anne Champion*
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Email: aahmed@gibsondunn.com
Email: achampion@gibsondunn.com

**Pro hac vice* application forthcoming
**Application for admission pending

*Counsel for Plaintiffs Media Matters for America and Eric Hananoki*

## CERTIFICATE OF SERVICE

I hereby certify that this document will be served on the Defendant in accordance with Federal Rule of Civil Procedure 5(a).

*/s/ Tina Meng Morrison*
Tina Meng Morrison