IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARREN KENNETH PAXTON JR., in his official capacity as Attorney General of the State of Texas, <br><br> Defendant. | CIV. NO. 23-3363 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER**

Plaintiffs Media Matters for America ("Media Matters") and Eric Hananoki move for a protective order to prevent Defendant Warren Kennth Paxton, Jr., together with his attorneys (collectively, Defendant Paxton), from compelling the presence or testimony of Mr. Angelo Carusone, President & CEO of Media Matters, at the January 8, 2024 hearing set on Plaintiffs' motion for a temporary restraining order.

Plaintiffs' counsel and Mr. Carusone first learned of Defendant Paxton's wish to question Mr. Carusone at 4:58 pm ET yesterday evening, when Defendant Paxton filed his "Notice of Intent to Examine Witness," ECF No. 39. As of the present filing, Defendant Paxton still has not served Mr. Carusone with a Rule 45–compliant subpoena. Even if a subpoena were to be served at this late juncture, Rule 45 requires it to be quashed. A court "*must* quash or modify a subpoena that fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i) (emphasis added). Whether the time afforded to comply with a subpoena is reasonable is a matter for the Court's discretion, *In re Grand Jury Subpoena (T-112)*, 597 F.3d 189, 201–02 (4th Cir. 2010), and is

1

evaluated in light of the "underlying circumstances of the particular case." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 (3d ed. 2023).

Here, the underlying circumstances plainly suggest the Court should quash any forthcoming subpoena that seeks to compel testimony on the following business day. The Court set the January 8 hearing *seventeen days ago*, yet Defendant Paxton did not provide notice of its intent to question Mr. Carusone until *two minutes* before the close of business yesterday. Defendant Paxton's notice provides no explanation for the lengthy delay or why no subpoena has yet been served. Nor does the notice shed any light on the purpose or proposed scope of Defendant Paxton's questioning; the notice expresses an intent to "cross examin[e]" Mr. Carusone, but Plaintiffs have not offered Mr. Carusone as a declarant, do not intend to present him as a witness at the January 8 hearing, and do not intend for him to even be present at that hearing. For its part, Defendant Paxton has made no attempt to justify questioning Mr. Carusone—Media Matters's highest-ranking officer—by showing that he has "unique or special knowledge" not available via "other less burdensome avenues." *Intelligent Verification Sys., LLC v. Microsoft Corp*, No. 2:12CV525, 2014 WL 12544827, at *2 (E.D. Va. Jan. 9, 2014) (requiring a special showing to depose "apex" executives). This gambit is particularly dubious because Defendant Paxton has not sought to question Plaintiffs' identified declarants. Instead, the move appears to reflect more of the same harassment that necessitated this lawsuit in the first place: Defendant Paxton desires an invasive and burdensome fishing expedition into Media Matters's internal operations despite the lack of any legal basis to do so.

Further, Defendant Paxton's eleventh-hour notice (assuming it materializes) will impose substantial personal hardship on Mr. Carusone if he is compelled to testify. Mr. Carusone has preexisting plans to be in New York and then California from Sunday, January 7 through Tuesday,

January 16. *See* Decl. of Angelo Carusone ¶ 5. Needless to say, testifying at a hearing in Greenbelt on January 8 will substantially disrupt those plans. In sum, Defendant Paxton is proposing to give Media Matters's highest ranking officer just one business day to prepare to testify about unspecified topics at a hearing he is not attending, all while he is scheduled to be out of state. That is patently unreasonable.

In any case, courts consistently treat a subpoena for testimony issued less than a week in advance as presumptively unreasonable under Rule 45, whatever the specific circumstances. This District previously has held *eight* days' notice to be unreasonable. *Ike-Ezunagu v. Deco, Inc.*, No. RWT 09CV526, 2010 WL 4822511, at *2 (D. Md. Nov. 22, 2010). Many other courts are in accord. *See, e.g.*, *Tri Invs., Inc. v. Aiken Cost Consultants, Inc.*, No. 2:11CV4, 2011 WL 5330295, at *2 (W.D.N.C. Nov. 7, 2011) ("Six total days and four business days is not a reasonable time to comply with a subpoena and notice of deposition."); *In re Stratosphere Corp. Sec. Litig.,* 183 F.R.D. 684, 687 (D. Nev. 1999) (six days encompassing a weekend not reasonable); *Donahoo v. Ohio Dep't of Youth Servs.,* 211 F.R.D. 303, 306 (N.D. Ohio 2002) (one week not reasonable); *Mem'l Hospice, Inc. v. Norris,* No. CIV.A. 2:08cv48-B-A, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (eight days not reasonable). Here, Mr. Carusone is getting just three days' notice, and just *one* business day.

Given the plainly unreasonable time to comply and the other unreasonable circumstances discussed above, Rule 45 compels the Court to quash any forthcoming subpoena directed to Mr. Carusone. Mr. Paxton cannot credibly argue otherwise because he himself has previously invoked Rule 45(d) to quash a subpoena served just a few days before a hearing. *See* Paxton's Motion to Quash Subpoenas at 1, 4, *Fund Texas Choice v. Paxton*, No. 1-22-CV-859-RP (W.D. Tex. Sept. 26, 2022), ECF No. 44 (arguing that "[t]op executive officials should not be called to testify absent

extraordinary circumstances," particularly where opposing party "did not even bother trying to obtain testimony until mere days ago").[1]

Absent a Rule 45–compliant subpoena, Defendant Paxton has no basis to compel Mr. Carusone's testimony at the January 8 hearing. To the extent Defendant Paxton is attempting to circumvent Rule 45 by filing a notice rather than serving a subpoena, that too is ineffective. Rule 45 expressly states "a party or a party's officer," Fed. R. Civ. P. 45(c)(1)(B)(i), may be subpoenaed to testify at a "hearing," *id.* (c)(1). Further, the Rule creates specific protections for such a witness, including a reasonable amount of notice, that Defendant Paxton is attempting to flout. Filing a notice does not excuse Defendant Paxton of his obligation to comply with the Federal Rules. Nor does anything in this Court's December 21, 2023 Order excuse that obligation. That Order requires only that each party provide notice *to the Court* of the witnesses it intends to call—nothing in the Order excuses the need to comply with the Federal Rules in seeking to compel a witness's testimony.

Because Defendant Paxton has not served Mr. Carusone with a Rule 45–complaint subpoena and cannot timely do so at this juncture, Plaintiffs respectfully request that the Court enter the accompanying protective order.

Respectfully submitted this 5th day of January, 2024.

*/s/ Tina Meng Morrison*

**ELIAS LAW GROUP LLP**
Abha Khanna*
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177
akhanna@elias.law

---

[1] The Court initially granted Mr. Paxton's motion to quash, but subsequently reversed course on a motion to reconsider after it learned that his counsel had omitted key details about whether and when service of the subpoena had occurred. *See Fund Texas Choice v. Paxton*, No. 1-22-CV-859-RP, 2022 WL 6851755, at *4 (W.D. Tex. Oct. 4, 2022).

Tina Meng Morrison (D. Md. Bar No. 21832)
Aria C. Branch*
Christopher D. Dodge*
Jacob D. Shelly**
Elena A. Rodriguez Armenta*
Daniela Lorenzo**
Omeed Alerasool*
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
tmengmorrison@elias.law
abranch@elias.law
cdodge@elias.law
jshelly@elias.law
erodriguezarmenta@elias.law
dlorenzo@elias.law
oalerasool@elias.law

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr.***
Jay P. Srinivasan***
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: jsrinivasan@gibsondunn.com

Amer S. Ahmed***
Anne Champion***
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Email: aahmed@gibsondunn.com
Email: achampion@gibsondunn.com

* Admitted *pro hac vice*
** Application for admission pending
*** *Pro hac vice* application forthcoming