IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARREN KENNETH PAXTON JR., in his official capacity as Attorney General of the State of Texas, <br><br> Defendant. | Civ. No. 8:23-cv-3363-PX |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' EMERGENCY
MOTION FOR PROTECTIVE ORDER**

For the reasons that follow, Defendant Ken Paxton in his official capacity as Attorney General responds that Plaintiffs' Emergency Motion for Protective Order, ECF No. 42, is now moot, and that if Plaintiffs' refuse to accept Defendant's proposed substitute course of action for the Court's January 8 hearing, then the Court should also deny Plaintiffs' Renewed Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 20, on that basis alone.

This Court directed all parties to provide notice by January 4 as to any witnesses each party intended to call for the January 8 hearing. ECF No. 31 at 2. The Court therefore determined that informing Plaintiffs on January 4 of any witnesses they must produce on January 8 was reasonable, *see id.* (citing *Ciena Corp. v. Jarrad*, 203 F.3d 312, 318 (4th Cir. 2000)), and as witnesses' appearances are required by this Court's order it is not necessary to serve a subpoena under Fed. R. Civ. P. 45. Defendant fully complied with the Court's order. *See* ECF No. 39.

While many preliminary injunction hearings turn on how the law applies to a set of undisputed facts, and thus that there is no need for testimony, in this case there is clearly a sharp

disagreement over the factual question of whether Plaintiffs' free speech is being chilled as a result of the Civil Investigative Demand's (CID's) issuance. If in fact Plaintiffs' speech is not being chilled, there is no basis for the Court to grant preliminary relief.

Plaintiffs' claim of chilled speech is almost impossible to reconcile with Mr. Carusone's repeated and boisterous statements on national media outlets subsequent to Plaintiff Media Matters being served with the CID. Without testimony, it would be exceedingly difficult for this Court to reconcile Mr. Carusone's brazen speech with Plaintiff Hananoki's claim that Plaintiffs' speech is being chilled with sufficient confidence to make the preliminary factual findings necessary to grant Plaintiffs' their requested injunction. It is important for Defendant to be able to examine Plaintiffs' claims to the Court because Plaintiff Media Matters' chief executive appears quite un-chilled as he repeatedly speaks on national television against the CID, so the Court must be in a position to assess the credibility of Plaintiffs' assertions of the need for preliminary relief.

It is undisputed that the CID is not self-executing and that Plaintiffs could have challenged the CID in Texas under the relevant Texas statute. Yet Plaintiffs chose not to do so. Thus, the core issue before this Court now on Plaintiffs' demand for a temporary restraining order and preliminary injunction is whether their speech is chilled. The most helpful source for the Court of counterevidence for Defendant to refute Plaintiffs' declarations at this stage of litigation is witness testimony in open Court, and so Defendant must have an opportunity to examine an appropriate witness who will testify on Plaintiffs' behalf. Defendant has presented evidence that indeed Plaintiffs' speech is not chilled, notwithstanding Plaintiffs' vague allegations to the contrary. Plaintiffs must bear their burden of explaining why Defendant's evidence does not stand for the proposition for which it so clearly stands: Plaintiffs' speech is not chilled. And if Plaintiffs'

speech is not chilled, then there is no basis for this Court to grant a preliminary injunction in this case.

In the context of granting a preliminary injunction, the Court's "findings must be based on something more than a onesided presentation of the evidence." *Consolidated Coal Co. v. Disabled Miners of S.W. Va.*, 442 F.2d 1261, 1269 (4th Cir. 1971). Indeed, that is all Plaintiffs have furnished to the Court thus far in support of their factual allegations: declarations that are the epitome of a one-sided presentation. As Judge Friendly put it, a preliminary injunction situation such as this is one where "the inappropriateness of proceeding on affidavits attains its maximum." *SEC v. Frank*, 388 F.2d 486, 491 (2d Cir. 1968). It is imperative for the Court here to "test[] the credibility of the witnes[s] by having the benefit of their cross-examination" as a prerequisite to granting a preliminary injunction. *Warner Bros. Pictures v. Gittone*, 110 F.2d 292, 293 (3d Cir. 1940) (per curiam) (holding that it was reversible error to grant a preliminary injunction "upon evidence largely in the form of affidavits" when "evidence was conflicting").

It is likewise difficult to reconcile Plaintiffs' insistence that their need is so urgent and so pressing that they must ask this Court for the extraordinary remedy of a preliminary injunction—and indeed the even-more-extraordinary remedy of a temporary restraining order—with Plaintiffs' claim that it is too inconvenient to provide their very-outspoken chief executive to answer questions about how they are afraid to speak publicly. One would hope that if it is truly imperative for the Court to take such a drastic step, that Plaintiffs' officer's vacation plans might come second to the need to testify about Plaintiffs' vital need at a hearing that Plaintiffs asked for and were unwilling to reschedule. Plaintiffs' Janus-like assertions must be harmonized before the Court could grant them any injunctive relief.

All that notwithstanding, in the interests of comity and working with opposing counsel in an amicable manner, Defendant wishes to be as accommodating as possible given Plaintiffs' claim of Mr. Carusone's alleged unavailability to testify in support of what his organization claims is vitally needed relief.  Therefore, Defendant is willing to accept Plaintiff Eric Hananoki, who alleges that his speech has been chilled by the issuance of Defendant's CID, as a substitute witness for Mr. Angelo Carusone to provide testimony at the January 8 hearing.  Defendant communicated that offer to Plaintiffs today.  *See* Ex. 1.

Given that Defendant has agreed to accept Plaintiff Hananoki's testimony in the place of Mr. Carusone's testimony, the Court should deny Plaintiffs' emergency motion.  Plaintiffs' request is moot because Defendant agrees not to compel Mr. Carusone so long as they are willing to produce Plaintiff Hananoki.  Of course, if Plaintiffs refuse to provide *any* relevant testimony in support of their declarations, at a hearing that Plaintiffs has requested, then the Court should deny Plaintiffs' request for relief on the ground that such a refusal to support their own claims is both unreasonable and contrary to law.  Consequently, if Plaintiffs refuse to provide Plaintiff Hananoki for examination at the January 8 hearing, the Court should deny both the request for a protective order and also Plaintiffs' Renewed Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 20, based upon Plaintiffs' refusal to comply with the Court's factfinding process.

## CONCLUSION

The Court should deny as moot Plaintiffs' Emergency Motion for Protective Order as moot in light of Defendant's willingness to accept testimony from Plaintiff Hananoki in lieu of Mr. Carusone.

Dated: January 5, 2024

/s/ Gene C. Schaerr
GENE C. SCHAERR (D. Md. # 22340)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

/s/ Ryan S. Baasch
RYAN S. BAASCH*
(signed by Gene C. Schaerr with the permission of Ryan S. Baasch)
Division Chief
Consumer Protection Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-9917
ryan.baasch@oag.texas.gov

CHRIS LAVORATO*
Assistant Attorney General
General Litigation Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4476
chris.lavorato@oag.texas.gov

*Admitted *pro hac vice*

*Attorneys for Defendant
Ken Paxton, Attorney General
of the State of Texas*

**CERTIFICATE OF SERVICE**

    I, Gene C. Schaerr, hereby certify that on January 5, 2024, I electronically filed the foregoing document with the Clerk for the United States District Court of Maryland using the CM/ECF system, which shall send electronic notification to counsel of record.

<p style="margin-left:50%;"><u>/s/Gene C. Schaerr</u><br>
Gene C. Schaerr</p>

<p style="margin-left:50%;"><em>Attorney for Defendant</em></p>