# EXHIBIT 1

### RE: Testimony in Media Matters v. Paxton; No 8:23-3363 (D Md.)

Ryan Baasch <Ryan.Baasch@oag.texas.gov>

Fri 1/5/2024 3:17 PM

To:Chris Dodge <cdodge@elias.law>;Abha Khanna <akhanna@elias.law>;Aria Branch <abranch@elias.law>;Elena Rodriguez Armenta <erodriguezarmenta@elias.law>
Cc:Chris Lavorato <Chris.Lavorato@oag.texas.gov>;Kenneth Klukowski <kklukowski@schaerr-jaffe.com>;Gene Schaerr <gschaerr@schaerr-jaffe.com>;Kristina Robinson <krobinson@schaerr-jaffe.com>;Pauline Sisson <Pauline.Sisson@oag.texas.gov>

Thank you for your effort to compromise, Chris.  Although I think this is fairly captured by the contents *in* his declaration, I want to make particularly clear that our position is that Mr. Hananoki must be prepared to testify as to his personal knowledge about any Media Matters speech regarding the Civil Investigative Demand, or about X/Elon Musk, that occurred after the CID was issued.   If you'll agree to that, then I think we consent to your proposal on how to procedurally handle this with the Court.

---

**From:** Chris Dodge <cdodge@elias.law>
**Sent:** Friday, January 5, 2024 1:58 PM
**To:** Ryan Baasch <Ryan.Baasch@oag.texas.gov>; Abha Khanna <akhanna@elias.law>; Aria Branch <abranch@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>
**Cc:** Chris Lavorato <Chris.Lavorato@oag.texas.gov>; Kenneth Klukowski <kklukowski@schaerr-jaffe.com>; Gene Schaerr <gschaerr@schaerr-jaffe.com>; Kristina Robinson <krobinson@schaerr-jaffe.com>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>
**Subject:** RE: Testimony in Media Matters v. Paxton; No 8:23-3363 (D Md.)

Ryan,

We strongly disagree your characterization of the law as well as the facts that have led us to this unnecessary juncture. Judge Xinis's instruction to alert her to any witnesses the parties' intended to call did not suspend the ordinary operation of Rule 45, nor does it excuse the tardy manner in which you have sought to arrange for Mr. Carosone's testimony.

Nonetheless, to resolve this issue ahead of the hearing, we can agree to make Mr. Hananoki available for examination at the hearing on the express condition that any examination be limited to the subject matter of his declarations or any direct examination. If you can agree to that condition, we will withdraw our motion and notify the Court of our intent to offer Mr. Hananoki for examination. Please let us know as soon as possible so we can take any necessary next steps.

Regards,

Chris


**Christopher D. Dodge**

**Counsel**
Elias Law Group LLP
250 Massachusetts Ave NW
Washington, DC 20001
202-987-4928
cdodge@elias.law

---

**From:** Ryan Baasch <Ryan.Baasch@oag.texas.gov>
**Sent:** Friday, January 5, 2024 11:02 AM
**To:** Abha Khanna <akhanna@elias.law>; Aria Branch <abranch@elias.law>; Elena Rodriguez Armenta <erodriguezarmenta@elias.law>; Chris Dodge <cdodge@elias.law>
**Cc:** Chris Lavorato <Chris.Lavorato@oag.texas.gov>; Kenneth Klukowski <kklukowski@schaerr-jaffe.com>; Gene Schaerr <gschaerr@schaerr-jaffe.com>; Kristina Robinson <krobinson@schaerr-jaffe.com>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>
**Subject:** Testimony in Media Matters v. Paxton; No 8:23-3363 (D Md.)

Counsel,

As you will recall, the Court directed both parties to provide notice, on January 4, of the witnesses they intend to call at the January 8 hearing. We did so yesterday by providing notice to the Court that we would call Media Matters' President, Mr. Angelo Carusone. We expected that you would call your declarants, and were surprised to see your notice filed late in the evening indicating that you were not planning to call them and were instead intending to stand on their declarations, with no testimony. We are also in receipt of your motion for protective order indicating your opposition to our calling Mr. Carusone.

I am writing in the interest of reaching an amicable resolution to this situation in advance of the hearing. In short, we believe that testimony at the hearing is critical in order for the Court to make findings regarding Media Matters' alleged "chill" from our investigation. Often, of course, a motion for preliminary injunction is just about the law, or just about undisputed facts, and so testimony is not relevant. But here our filings indicate that there is a sharp disagreement over the factual question of whether Media Matters has been chilled, as we have illustrated via Mr. Carusone's public statements. Those statements are almost impossible to reconcile with your declarants' representations about a supposed chilling effect. It is, in our view, not possible for the Court to resolve that discrepancy without testimony. In these situations, the Court's "findings must be based on something more than a onesided presentation of the evidence." *Consolidated Coal Co. v. Disabled Miners of S.W.Va.*, 442 F.2d 1261, 1269 (4th Cir. 1971) (preliminary injunction context). And that is essentially what your declarations amount to—a onesided, and unvarnished, assertion that Media Matters has been "chilled." As Judge Friendly once put it, this is the kind of case where "the inappropriateness of proceeding on affidavits attaints its maximum." *SEC v. Frank*, 388 F.2d 486, 491 (2d Cir. 1968) (so observing in preliminary injunction context). Instead, the Court must be able to "test[] the credibility of the witnesses by having the benefit of cross-examination." *Warner Bros Pictures v. Gittone*, 110 F.2d 292, 293 (3d Cir. 1940) (reversible error to grant PI "upon evidence largely in the form of affidavits" when

"evidence was conflicting").

That said, we recognize, pursuant to your filings last night and this morning, that Mr. Carusone is allegedly unavailable for the hearing. On the one hand, it is hard to square his unavailability for this hearing with Media Matters' representations earlier in this litigation that the matter is so pressing that the company could not agree to any material extension of dates for briefing and hearing. Surely, if the matter is that urgent, then Mr. Carusone—the President of the company—can make himself available. But, that aside, the hearing is now clearly set for January 8 and we want to proceed in the most efficient and expeditious way possible rather than caviling about Mr. Carusone's availability. Accordingly, we are willing to accept Mr. Carusone's absence from the hearing. But our position is that it is still critical that someone from Media Matters testify as to chilling. It would be extremely prejudicial to Defendant for there to be no testimony, because we have no other way to rebut the declarations you introduced. After all, there have been no depositions here, and no other opportunity for us to examine the representations your declarants made. Indeed, your client's position that this matter was so urgent that you could not agree to any reasonable extensions basically foreclosed our ability to use the customary tools of litigation to test the veracity of your declarants' statements. Accordingly, in exchange for our agreement to proceed without Mr. Carusone, **we request that you make Mr. Hananoki available to testify at the hearing**.

As for your points about a Rule 45 subpoena: Our position is that the Judge's order to the parties to provide "notice" of witnesses to be called on January 4 supersedes the need for a subpoena. As you likely know, preliminary injunction hearings commonly proceed on less-than-fully-formal procedures. You are already taking advantage of that less-than-formal framework by seeking to rely purely on hearsay, in the form of declaration statements made by witnesses you do not intend to call. There should be no need for a subpoena here.

We intend to respond to your motion for protective order by COB today. Accordingly, we request that you please provide a response to this email no later than **3pm ET.**

Thank you,



Ryan S. Baasch
Chief, Consumer Protection Division
Office of the Attorney General of Texas
P: (512) 463-9917
ryan.baasch@oag.texas.gov